No. 18,577.

INDUSTRIAL COMMISSION OF COLORADO, ET AL. *v.*
CITY AND COUNTY OF DENVER.
(330 P. [2d] 957)

Decided October 27, 1958.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. Hickey, Deputy, Mr. PETER L. DYE, Assistant, for plaintiff in error Industrial Commission of Colorado.

Mr. JOHN C. BANKS, City Attorney, Mr. JAMES H. SNYDER, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THIS is a compensation case described in one of the briefs as "a typical one to present for a test case." In a hearing before the Industrial Commission there was no genuine dispute and apparently the idea behind the hearing was to obtain some expression of opinion from the Industrial Commission as to the legality of certain procedure inaugurated and followed over the years and involving the State Compensation Insurance Fund as compensation insurance carrier and the City and County of Denver.

It was stated by the attorney for the Fund in a hearing before the referee: "We selected a case at random involving a fireman. There was no quarrel between ourselves and Mr. Poynter [the fireman] in this situation, but inasmuch as this case represents a *large class of cases,* we feel that it is time to have some official pronouncement from the Commission concerning the *rights of the parties involved.*" (Italics supplied.) This writ of error is now sought not only to have an "official pro-

nouncement from the Commission" but also an opinion from this Court. We must decline to give our opinion in such circumstances or to offer legal advice where no genuine controversy exists.

It clearly appears from the record that no claim has been filed by the fireman — a necessary party in this proceeding. Moreover the record shows that counsel, appearing specially for the so-called claimant at the hearing, stated that he was not participating and asked "that the matter be dismissed as far as Mr. Poynter is concerned." He also stated that the pseudo claimant had been paid his full salary by the city during the time of his temporary disability and was not making further claim.

No justiciable controversy being before us, the writ of error is dismissed.